## RUNNELL *a.* GRIFFIN.

*Supreme Court, First District; Special Term, December,* 1858.

JUDGMENT FOR COSTS.—MOTION.

In an action for damages for the taking of personal property, the plaintiff recovered six cents, which was paid at the trial. The defendant entered judgment for his costs, which the plaintiff moved to set aside.

*Held,* that though the defendant's proper course, where in such case the plaintiff refuses to enter judgment, so that he cannot have his costs inserted on notice, was to move for leave to enter judgment for his costs, it would be useless to vacate the judgment, as he would be entitled upon the same papers to leave to enter it again ; and the motion should be denied without costs.

Motion to vacate judgment.

The facts are stated in the ópinion.

INGRAHAM, J.—The plaintiff recovered six cents in an action to obtain damages for taking personal property. This is within subdivision 4, section 304. The plaintiff is not entitled to costs unless he recovers $50—and if he is not entitled to costs, the defendant is under section 305.

Where the plaintiff recovers a verdict for an amount not sufficient to carry costs, and the defendant is entitled to costs, the former practice I suppose to be still in force, viz.: that there can be but one judgment roll, and that the defendant's costs must be inserted in the judgment of the plaintiff for his recovery. If the plaintiff will not enter up judgment, the defendant must move for leave to do so.

If the plaintiff enters up his judgment, the prevailing party (which in 10 *How. Pr. R.*, 554, is construed to mean the party prevailing as to costs), may on two days' notice have his costs inserted in the judgment by the clerk, and in such case a motion would be unnecessary.

In the present case the plaintiff has not entered up any judgment, because the damages are nominal, and, as was stated on the argument of the motion, because they were paid at the time

of trial.   It would have been a matter of cause to grant the defendant leave to enter the judgment for his costs, and there is no ground for vacating the judgment entered by him, because no other judgment can be entered in the action.

It would be an idle ceremony to set aside this judgment, for the purpose of compelling the defendant to move for leave to enter up the judgment, and then give him leave to file the same papers anew, and enter his judgment.   The same end will be better attained by denying this motion.

Motion denied without costs.

---

## EAGLE *a.* FOX.

*Supreme Court, First District;   General Term, November,* 1858.

PARTIES.—SUIT BY EXECUTOR OR ADMINISTRATOR.

An executor who for a consideration proceeding from the estate of the testator, takes a note payable to him as executor, may maintain an action thereon, in his representative capacity.

Appeal from a judgment.

The facts are stated in the opinion.

BY THE COURT.[*]—INGRAHAM, J.—The plaintiff, as executor, sued one Wright for a claim due to the testator.   When the action was proceeding to judgment, the defendant gave this note in suit, and another to the plaintiff as executor, and took from the plaintiff an assignment of a decree made by the surrogate in favor of the plaintiff as executor against Wright.   The note not having been paid, the plaintiff, as executor, brings this action to recover the same.

The defence is, that the action should have been in the name of the plaintiff individually.

There is no doubt that the note was given in payment of a

---

[*] Present, DAVIES, P. J., CLERKE and INGRAHAM, JJ.